UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tokio Marine and Nichido Fire Insurance Co.,
Ltd., MPS Canada, Inc., Mitsubishi Power
Systems Americas, Inc., and Mitsubishi Heavy
Industries, Ltd.,

          Plaintiffs,

v.

Transportation Technology Services, Inc.,

          Defendant.

Civil No. 13-3368 (JNE/JJG)
ORDER

---

      This case arises out of the shipment of a Natural Gas Turbine Cycle Plant, valued at over $35 million and weighing more than 700,000 pounds, from Japan to Canada by way of Minnesota.  The shipment was to be accomplished in two legs: the first by boat from Japan to Duluth, Minnesota, and the second by rail from Duluth to Calgary, Alberta, Canada.

      According to the Plaintiffs, they contracted with the Defendant to ensure the safe handling of the cargo on the rail leg of its journey.  The Plaintiffs further allege that the Defendant breached that contract when, in June of 2012, the cargo was significantly damaged after being "driven into the side of a mountain" near McGregor, Minnesota[1] while in transit on a BNSF train.

---

[1] McGregor is located in Aitkin County in northeastern Minnesota.  According to the United States Geological Survey, the "gently undulating surface" of this region today belies a tumultuous natural history.  *America's Volcanic Past: Minnesota*,   http://vulcan.wr.usgs.gov/LivingWith/VolcanicPast/Places/volcanic_past_ minnesota.html (last visited Dec. 20, 2013).  Over the ages, the towering mountain ranges and active volcanoes that once dominated the landscape were brought low by the forces of glacial erosion.  *Id.*  The only topographical indication that remains today of the region's alpine past are the "[h]ills [that] rise just a few hundred feet above the surrounding countryside."  *Id.*  Indeed, the highest point in Aitkin

The Plaintiffs originally filed their lawsuit in the Southern District of New York in June 2013. Complaint (ECF No. 12-2). The Defendant moved to dismiss that action for lack of jurisdiction or, in the alternative, to transfer venue to the Northern District of Texas. Order of Dismissal at 2 (ECF No. 12-2). The Plaintiffs also filed an "alternative cross-motion" to transfer the case to this District. *Id.* Before a ruling, the Plaintiffs requested an order of voluntary dismissal, which the court granted on December 9, 2013 while "tak[ing] no position on what is the appropriate venue for this case." *Id.* at 3.

Once the Southern District of New York issued the order of dismissal, the Defendant promptly – within a matter of minutes, according to the Plaintiffs – filed a declaratory judgment action in the Northern District of Texas. Complaint (ECF No. 12-5). Two hours after that filing, the Plaintiffs filed this action.

On December 18, 2013, the Plaintiffs moved this Court to enjoin the Defendant from proceeding with its declaratory judgment action in the Northern District of Texas. Motion for Preliminary Injunction (ECF No. 10). The Plaintiffs concede that that case was filed before this one, and they acknowledge "[t]he well-established rule . . . that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). Nevertheless, the Plaintiffs urge the Court to find the first-filed rule inapplicable for any number of reasons, including the Defendant's alleged forum-shopping.

---

County, Quadna Mountain, rises a modest 400 feet or so above the surrounding low-relief plain. *See History of Aitkin County*, http://www.co.aitkin.mn.us/Tourism/history-info.html (last visited Dec. 20, 2013).

The merits of the Plaintiffs' argument aside, the Court is not persuaded that the injunction the Plaintiffs seek would be appropriate in these circumstances. Judicial handling of cases of concurrent jurisdiction is "a matter of federal comity." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). As such, it is the prerogative of the court hearing the first-filed case to determine the applicability of the first-filed rule. *See, e.g., Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (court hearing second-filed action stayed that case pending decision on first-filed rule by the court hearing the first-filed action).

The Court therefore declines to address the Plaintiffs' argument. If the Northern District of Texas concludes that the first-filed rule does not apply or that venue better lies here, then this action will be allowed to proceed. In the meantime, the Court stays this action and denies the Plaintiffs' motion for a preliminary injunction without prejudice.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Preliminary Injunction [ECF No. 10] is DENIED.
2. This action is STAYED.

Dated: December 20, 2013

                                                        s/Joan N. Ericksen
                                                        The Honorable Joan N. Ericksen
                                                        United States District Judge